IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE ARMY RETIREMENT RESIDENCE FOUNDATION-SAN ANTONIO, INC., | § § § § | NO. 5:17-CV-874-DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| PHILADEPHIA INDEMNITY INSURANCE COMPANY, MICHAEL DEAN HARGRAVE, CATTO & CATTO, INC., AND FRED LOYA INSURANCE AGENCY, INC. | § § § § § § | |
| Defendants. | § § | |
| _____ | § | |

ORDER ADMINISTRATIVELY CLOSING CASE

The matter before the Court is an Opposed Motion to Abate Pending Pre-Suit Notification. (Dkt. # 13.) Plaintiff did not timely respond to the motion, so it will be treated as unopposed. Plaintiff did not provide written pre-suit notice to Defendants before filing the instant case, as required by the Texas Insurance Code § 541.154(b). (Id. at 2.) When a plaintiff has failed to provide written pre-suit notice, the court is instructed to abate the action. Tex. Ins. Code Ann. § 541.155(a).

Upon review, the Court finds that an administrative closure of the case is appropriate at this time. An administrative closure is "a postponement of

proceedings," rather than "a termination."  S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V., 383 F.3d 297, 302 (5th Cir. 2004).  A case that is administratively closed "may be reopened upon request of the parties or on the court's own motion."  Mire, 389 F.3d at 167.

The Clerk's office is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending further order of the Court.  Though administratively closed, this case will remain on the docket of this Court and may be reopened upon request of any party or on the Court's own motion.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, October 19, 2017.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE